Case 4:17-cv-02433 Document 24 Filed on 01/03/18 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 03, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURIAN RESHAHN BARBEE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-17-2433 |
| | § | |
| LORIE DAVIS, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Maurian Reshahn Barbee's petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 7). The court recommends that Barbee's petition be denied with prejudice.

### Background

Barbee is currently in the custody of the Texas Department of Criminal Justice serving a 5-year sentence for aggravated robbery. It is not necessary to recite the procedural history of Barbee's appeal and state habeas proceedings because he is challenging a disciplinary proceeding, not his conviction.

Barbee was found guilty of rioting and received as punishment loss of 45 days of commissary privileges; 45 days of cell restriction; 45 days suspension of contact visitation privileges; reduction in line class from S4 to L2, and loss of 350 days good time credit.

1

## Analysis

Barbee raises five grounds for relief:[1] (1) he was denied equal protection because his charging officer said he "was black [sic] in the dayroom that night;" (2) his punishment resulted in denial of parole and restrictions of privileges, which is cruel and unusual punishment; (3) he was denied due process because the rank of the charging officer prevented an unbiased hearing; (4) he was denied due process because he was not allowed to point himself out on the video presented at the hearing; and (5) he was denied due process because the hearing officer turned off the voice recorder. Respondent contends that claims (2)-(5) are not exhausted and all are without merit.

Before filing a petition for writ of habeas corpus in federal court, an inmate challenging a prison disciplinary hearing must first exhaust his administrative remedies. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978). The Texas prison system has a two step formal grievance process. A prisoner must pursue a grievance through both steps for it to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Barbee did not mention is claims (2)-(5) in his grievances. He cannot file a new grievance because it would be untimely under TDCJ rules.[2] He cannot file a state habeas petition because prison

---

[1] Barbee raised the first three grounds in his original petition (Dkt. 1). He raised the second two in his motion to file an amended complaint (Dkt. 15). Respondent moved for summary judgment as to all five grounds (Dkt. 18). Thus, the motion to amend is granted.

[2] *See* TDCJ-CID Offender Orientation Handbook, available at : http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf, at 73-75, last visited December 20, 2017.

2

disciplinary procedures are not cognizable on state habeas review. *Ex Parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986). There is an effective state corrective process for these types of claims, Barbee simply did not use it. The court recommends that claims (2)-(5) be denied for lack of exhaustion.

Even if Barbee had properly exhausted his administrative remedies for all his claims, none provide grounds for federal habeas relief on the merits. "The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). Barbee cannot state a claim for federal habeas relief based on disciplinary sanctions unless the sanctions imposed affect the fact or duration of the prisoner's sentence. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir 2000). Reduced time-earning classification, such as from S2 to L1, does not "inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487. Moreover, restrictions such as lost privileges and cell confinement are not atypical of the hardships that commonly occur in prison life. *Malchi*, 211 F.3d at 958 ("Clearly, . . . thirty day loss of commissary privileges and cell restriction do not implicate due process concerns"); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (loss of commissary and cell restriction); *Pickens v. Minton*, 109 Fed. Appx. 655, 656 (5th Cir. 2004) (placement in isolation for 20 days); *Sandin*, 515 U.S. at 485-86 (segregated confinement). Barbee cannot state a claim for relief based on his loss of 45 days of commissary and contact visitation privileges, his cell restriction, or his reduction in line class.

A prisoner who is eligible for release on mandatory supervision may state a claim for relief when previously earned good time credits are lost. *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). Minimum due process in this context typically requires notice, an opportunity to call witnesses and present evidence, and that "some evidence" supports the ruling, but those requirements are flexible and must be balanced against "legitimate penalogical interests." *Id.* at 556. However, Barbee is not eligible for mandatory supervision due to his conviction for first degree aggravated robbery under Texas Penal Code Section 29.03. TEX. GOV'T CODE § 508.149(a)(12).

To the extent Barbee challenges denial of parole, it is well-settled that Texas parole statutes do not confer a liberty interest. *Malchi*, 211 F.3d at 957 (no constitutional expectancy of parole in Texas because it is a discretionary act).

## Recommendations and Order

For these reasons, the court recommends that Barbee's petition be denied with prejudice.

It is also ordered that Barbee's motions for appointment of counsel (Dkts. 4, 13, 21) are denied.

The court finds that Barbee has not made a substantial showing that jurists of reason would find it debatable whether he has been denied a constitutional right or whether the court is correct in its procedural ruling. Therefore, the court recommends that a certificate of appealability should not issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

Signed at Houston, Texas on January 3, 2018.

Stephen Wm. Smith
United States Magistrate Judge